Argued December 15, 1975, affirmed February 23, reconsideration denied
March 31, petition for review allowed June 2, 1976

STATE OF OREGON, *Respondent,*
*v.*
RICHARD WESLEY ELLIOTT, *Appellant.*
(No. 75-0059, CA 4729)

546 P2d 766

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for appellant.

*Donald L. Paillette,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Lee, Judges.

LEE, J.

**LEE, J.**

Defendant was convicted of the illegal sale of dangerous drugs. ORS 167.207. He contends that the case against him should have been dismissed because the state "failed to produce a material witness at the time of trial," thereby prejudicing his Sixth Amendment rights of confrontation and compulsory process under the U.S. Constitution. Defendant relied on entrapment, ORS 161.275,[1] as his defense.

The missing person, Lewis, was not a regular employe of the police; rather, he was a paid freelance informer. He had an extensive criminal record and had himself used drugs in the past.

It was Lewis who had made the initial contact with defendant and set up a November 21, 1974 meeting with himself, the defendant, and Gard (a deputy sheriff engaged in undercover narcotics investigations). The purpose of the meeting was to afford defendant an opportunity to sell illegal drugs to Gard. The defendant did sell amphetamines to Gard. Gard testified that Lewis and the defendant seemed to know each other well.

Thereafter, on November 27, 1974 a member of LINT (Lane County Interagency Narcotics Team) purchased a one-way, nonrefundable, bus ticket to Phoenix, Arizona for Lewis, and along with Gard, saw Lewis depart the bus station that day.

---

[1] ORS 161.275 provides:

"(1) The commission of acts which would otherwise constitute an offense is not criminal if the actor engaged in the proscribed conduct because he was induced to do so by a law enforcement official, or by a person acting in cooperation with a law enforcement official, for the purpose of obtaining evidence to be used against the actor in a criminal prosecution.

"(2) As used in this section, 'induced' means that the actor did not contemplate and would not otherwise have engaged in the proscribed conduct. Merely affording the actor an opportunity to commit an offense does not constitute entrapment."

Gard did not tell Lewis to keep in contact nor did Gard ask Lewis where he was going. (Lewis had expressed a desire that no one know where he was going.)

Defendant was indicted January 6, 1975 and arraigned on February 19, 1975. The briefs concede that in "early February of 1975" Gard received a letter from Lewis. Gard destroyed the letter.

On March 17, 1975 defendant moved to require the state "to produce" Lewis as a witness. On March 20 the judge

"* * * ORDERED that the State aid and assist defendant by furnishing defendant with all information within their control as to the present whereabouts of the said Leroy Lewis."

On March 21 the court granted defendant's motion for postponement "to allow the defense the time to locate Mr. Lewis."

On March 24 Deputy District Attorney Miller contacted a David Guth of LINT who told Miller that he had received a telephone call from Lewis on March 22 from Franklin, South Carolina, stating that he was living there with his grandmother. Guth told Miller that Lewis had telephoned five or six times in the last three or four months.

On March 26 Miller obtained Lewis's telephone number from Guth and called Lewis. Miller said that Lewis stated he was unwilling to return to Oregon as a witness and that he was going to an address in Philadelphia which he gave to Miller.

On March 29 Lewis called from Pennsylvania to a Howard Johnson of LINT and said he was going to Ohio or Michigan but refused to give a telephone number or address.

It was April 11 before Miller told defense counsel that he had talked to Lewis on the telephone. Even then, he did not reveal any of the several foregoing contacts.

On April 12 Lewis called Guth and told him that he (Lewis) was in Rockford, Illinois, and was leaving for Texas within the week. Lewis did not know where in Texas he could be reached.

On April 15 the case came on for trial. The defendant moved "that the case be dismissed against Mr. Elliott on the grounds that they [the state] failed to produce a material witness at the time of trial." The court denied the motion.

■ Defendant's reliance upon the right of confrontation is misplaced because it applies only to witnesses who actually testify against the defendant at trial. *United States ex rel, Meadows v. State of New York,* 426 F2d 1176, 1184 (2d Cir 1969), *cert den* 401 US 941 (1970).

■ Defendant also contends that his right to compulsory process was violated, relying primarily on *Velarde-Villarreal v. United States,* 354 F2d 9 (9th Cir 1965). In *Velarde,* unlike the present case, (1) the record revealed that the defendant had not used narcotics, (2) the defendant had no criminal record, and (3) the informer was the only person who could testify as to the entrapment defense. *Velarde,* by the court's own description, was a *"special case."* We adhere to the general rule that the government does not have a duty to "produce" an informer. *Williams v. United States,* 273 F2d 781, 796 (9th Cir 1959).

Affirmed.